UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE PEREZ
(CDCR # E09771),

          Petitioner,

    v.

RANDY GROUNDS, warden,

          Respondent.

_____/

No. C 12-2331 SI (pr)

**ORDER DENYING HABEAS PETITION**

**INTRODUCTION**

Jose Perez filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a prison disciplinary decision that resulted in a time credit forfeiture. Perez contends that his due process rights were violated in that the disciplinary decision was not supported by sufficient evidence. This matter is now before the court for consideration of the merits of the petition. For the reasons discussed below, the petition will be denied.

**BACKGROUND**

On August 28, 2009, a correctional sergeant found a syringe and heroin while searching an area occupied by Perez and inmate Williams at the Correctional Training Facility in Soledad. A serious rule violation report (also known as an RVR or CDC-115) was issued charging Perez with possession of a controlled substance (heroin). *See* 15 Cal. Code Regs. 3016(a) ("Inmates shall not inhale, ingest, inject, or otherwise introduce into their body; use, possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff.")

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    Correctional sergeant Warfield wrote a CDC-115 documenting what he discovered while

2  conducting a security check of the East Dorm bed area. *See* Resp. Ex. 1. He observed inmates

3  Perez and Williams "engaged in suspicious activity."

> Both inmates were seated at bunk ED-158 with PEREZ facing the aisle and Williams with his back to the aisle. Inmate PEREZ immediately leaned to his left onto the lower bunk and extended his right arm to the rear of the bunk area. I ordered Inmate PEREZ to cease his movement and stand up. Inmate PEREZ complied. At that time, Inmate Williams used his left hand in a furtive movement to place an object onto the outside right side shelf of locker #158L, assigned to PEREZ. I discovered an inmate-manufactured syringe on the floor in plain sight. This is the area I identified Inmate PEREZ leaning to his left and extending his right arm. I continued the search and I discovered a dark substance (suspected controlled substance) enclosed in plastic wrap and covered with toilet paper on the outside right side shelf of locker #158L. This is the area I identified Inmate Williams placing an object.

10  Docket # 6, pp. 19-20.   The substance, which sergeant Warfield seized, was later tested at a

11  laboratory and determined to be heroin. *Id.* at 31-33.

12    A disciplinary hearing was held on or about February 24, 2010. Docket # 6, p. 21. At

13  the hearing, Perez pled not guilty. At Perez's request, sergeant Warfield was called as a witness

14  and asked what he found. Sergeant Warfield responded that he found a syringe with 0.3 grams

15  of heroin. Perez had no other questions for the witness and had no other witnesses at the

16  hearing.

17    Perez was found guilty of possession of a controlled substance (heroin), a violation of 15

18  Cal. Code Regs. § 3016(a). Docket # 6, p. 21  The discipline imposed included a forfeiture of

19  130 days of time credits, suspensions of various privileges, and a year of mandatory random drug

20  testing. Docket # 6, pp. 19, 22. The hearing officer wrote that his findings were based on the

21  information in the CDC-115 written by sergeant Warfield, the lab report stating that the

22  substance had tested positive for heroin, and Perez's "fail[ure] to provide a credible defense or

23  offer a reasonable alternative to the charges in consideration of the evidence listed above."

24  Docket # 6, p. 22.

25    Perez filed unsuccessful inmate appeals. He then filed unsuccessful petitions for writ of

26  habeas corpus in the state courts. The Monterey County Superior Court rejected Perez's state

27  habeas petition in a reasoned decision. Docket # 6, pp. 53-56. The California Court of Appeal

28  and the California Supreme Court denied his habeas petitions without comment.

2

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams (Terry) v. Taylor*, 529 U.S. 362 (2000).

A.    Sufficiency Of The Evidence

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence. *See Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974). The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

The revocation of good-time credits does not comport with the minimum requirements of procedural due process in *Wolff* unless the findings of the prison disciplinary decision-maker are supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). There must be "some evidence" from which the conclusion of the decision-maker could be deduced. *Id.* at 455. An examination of the entire record is not required nor is an independent assessment of the credibility of witnesses or weighing of the evidence. *Id.* The relevant question

3

United States District Court

For the Northern District of California

1  is whether there is any evidence in the record that could support the conclusion reached by the

2  disciplinary decision-maker. *Id.* This standard is considerably lower than that applicable in

3  criminal trials. *Id.* at 456. The Ninth Circuit additionally has held that there must be some

4  indicia of reliability of the information that forms the basis for prison disciplinary actions. *Cato*

5  *v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987).

6       The Monterey County Superior Court concluded that there was some evidence to support

7  the finding that Perez was guilty of possession of a controlled substance (heroin), a violation of

8  15 Cal. Code Regs. § 3016(a). That court explained:

> The Court applies the "some evidence" standard in reviewing the decisions by disciplinary hearing officers. (*See In re Powell* (1988) 45 Cal. 3d 894, 904.) Under the "some evidence" standard, the requirements of due process are satisfied as long as there is "some basis in fact" for the decision. (*Ibid.*) Courts applying this deferential standard need not examine the entire record, independently assess the credibility of witnesses, or weigh the evidence. (*Superintendent v. Hill* (1985) 472 U.S. 445, 455-56). A disciplinary finding of guilt will be affirmed unless there is no evidence supporting the charge. (*Id.*) The record here demonstrates a basis in fact for the SHO's decision.
>
> Petitioner argues that there was no evidence to support the finding since Petitioner did not have actual possession of the heroin and the facts fail to meet the requirements of "constructive possession" under *In Re Rothwell* (2008) 164 Cal. App. 4th 639. *Rothwell* is inapplicable to this case as it addressed the question of whether a person could have constructive possession of an item when it was in the actual possession of another party. Although Petitioner submitted a declaration with this Petition from Inmate Williams admitting responsibility for the contraband, this information was not presented to the SHO at the hearing and was not considered in making his decision. [Footnote 1.] Based upon the facts presented at that time, there was some evidence that Petitioner was in constructive possession of the contraband as it was found in an area assigned to Petitioner, the location of the syringe was located where Petitioner was observed to have had his hand, and the furtive movements suggests Petitioner was aware of the presence of the drug.
>
>     [Footnote 1:] Petitioner submits a copy of a declaration he submitted and a declaration from Inmate Williams in support of his contention that no evidence exists to support the decision of the SHO. Since neither of these two decisions (sic) were considered by the SHO, the court cannot review the declarations in determining if his decision was supported by some evidence. The time for the Petitioner to present testimony or evidence is at the RVR hearing itself.

24  Docket # 6, p. 55.

25       The state court correctly identified the "some evidence" standard as the standard for

26  judicial review and reasonably applied it. Here, the evidence included sergeant Warfield's

27  written description in the CDC-115 of the discovery of the syringe and dark substance, the later

28  lab test that showed the dark substance to be heroin, and the absence of any exculpatory

United States District Court
For the Northern District of California

1    explanation for the situation by Perez.  The state court did not re-weigh the evidence in

2    evaluating whether the "some evidence" standard was met and instead simply looked to see if

3    there was any evidence in the record that could support the finding.  That approach followed the

4    directions from *Superintendent v. Hill*, 472 U.S. at 455.  This court also does not re-weigh the

5    evidence, and undertakes its review with even more constraints.  As this is a habeas action

6    governed by § 2254(d), this court determines only whether the state court's decision was contrary

7    to or an unreasonable application of *Superintendent v. Hill*.  The state court decision easily

8    passes muster under § 2254(d).

9         Perez urges that inmate Williams' declaration shows there was no evidence that Perez

10   possessed the heroin.  Although the state court read Williams' declaration as admitting

11   responsibility for the heroin, that is only an inference that may be drawn from the declaration.

12   Williams did not actually state that he possessed the heroin and instead only declared that Perez

13   did not.[1]  The strength of the declarations from Perez and Williams does not matter, however,

14   because they were not presented at the disciplinary hearing.  As the state court reasonably

15   concluded, a court reviewing a disciplinary decision looks at the evidence presented at the

16   disciplinary hearing and not evidence the prisoner later produces.  (Similarly, a reviewing court

17   would not consider Perez's incriminating urine test results in evaluating the sufficiency of the

18   evidence because those test results apparently were not introduced at the disciplinary hearing.[2])

19        Perez makes much of the fact that the syringe and heroin were not seen in his hands or

20   otherwise on his person, and instead were spotted in a common area.  The state court reasonably

21   concluded Perez's cited case, *In Re Rothwell*, 164 Cal. App. 4th 160 (Cal. Ct. App. 2008), was

22   factually distinguishable because the heroin in *Rothwell* indisputably never made it to the

---

24   [1]Williams stated: "I stopped at bed number 158 low to discuss an issue [unrelated to this
     incident].  Approximately two (2) minutes into the conversation correctional sergeant Warfield appeared
25   and directed me to cease any movement.  I further attest that *I was identified by correctional sergeant
     Warfield to be in possession of contraband*.  I now state that J. Perez E-09771, also confined at the
26   Correctional Training Facility, was not a party to the items of contraband discovered and delineated in"
     the CDC-115.  Docket # 6, p. 46 (brackets in original; emphasis added).
27

28   [2]Urine samples were collected from Perez and Williams on August 28, and tested.  According
     to the lab report, Perez's urine tested positive for morphine and codeine and Williams' urine tested
     positive for morphine.  *See* Docket # 6, p. 34.

United States District Court
For the Northern District of California

1  prisoner because it was concealed on a postcard that was intercepted by a guard in the mailroom

2  before being delivered.  Here, the heroin was found within the immediate area of Perez.  Perez

3  also argues that the area was accessible by hundreds of other prisoners assigned to the dormitory

4  housing unit, but overlooks several circumstances linking the heroin to him in particular: he was

5  on his own bunk and not in a yard or dining room or other area routinely used by hundreds of

6  inmates; he and Williams were making furtive movements while at or on Perez's bed when they

7  were interrupted by the correctional sergeant; and at least the syringe was found where Perez's

8  hand had just been.  This case is factually analogous to *Superintendent v. Hill*, where the

9  Supreme Court stated the evidence was sufficient to support the discipline even though the

10  correctional officer did not see which of three inmates assaulted another inmate and only saw

11  three inmates departing the area after hearing a commotion.  "The Federal Constitution does not

12  require evidence that logically precludes any conclusion but the one reached by the disciplinary

13  board." *Superintendent v. Hill*, 472 U.S. at 457.  The evidence to support the disciplinary

14  decision was constitutionally sufficient and reliable.

15         Perez's right to due process was not violated by prison officials' decision to find him

16  guilty.  The state court's rejection of his claim was not contrary to or an unreasonable application

17  of clearly established federal law.  He is not entitled to the writ of habeas corpus.

18

19  B.      The Factual Mistake In The Inmate Appeal Decision

20         Perez alleged as a second claim in his petition that the appeals examiner "made an

21  incorrect and unreasonable determination of the facts in light of the evidence presented to him

22  at the third level of administrative review of the prison disciplinary proceeding."  Docket # 1,

23  p. 3.  The mistake was that appeals examiner wrote that Perez "was observed" by the sergeant

24  "passing the contraband to inmate Williams."  *See* Docket # 6, pp. 43, 55.  As explained in the

25  order to show cause, this allegation does not state a separate claim for habeas relief because

26  "[t]he procedural protections identified in *Wolff* for disciplinary decisions do not include rights

27  in the administrative review process from a disciplinary decision.  There also is no due process

28  right to have inmate appeals processed or decided in any particular way."  Docket # 4, p. 2.  The

6

1   court explained that it would, however, consider the arguments in the second claim in evaluating

2   the sufficiency of the evidence claim -- meaning that this court would not adopt the appeals

3   examiner's misstatement of the facts. Like the state court, *see* Docket # 6, p. 55, this court

4   recognizes that a court reviewing a disciplinary decision looks at the evidence to support the

5   hearing officer's decision rather than the accuracy of the inmate appeal decision following it.

6          In his traverse, Perez complains that respondent did not address his second claim.

7   Respondent had no duty to brief the claim in light of the court's ruling in the order to show cause.

8

9   C.      No Certificate of Appealability

10         A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case

11  in which "reasonable jurists would find the district court's assessment of the constitutional

12  claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

13

14                                      **CONCLUSION**

15         The petition for writ of habeas corpus is DENIED on the merits. The clerk shall close

16  the file.

17         IT IS SO ORDERED.

18  Dated: October 2⁄, 2012

19                                          SUSAN ILLSTON
                                            United States District Judge

20

21

22

23

24

25

26

27

28